# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-33989 |
| | Chapter 7 |
| RICHARD A. STEHL, | |
| Debtor. | |
| | |
| RICHARD A. STEHL, | |
| | Adv. Pro. No. 06-3100 |
| Plaintiff, | |
| v. | |
| FIRSTAR BANK, NA, et al., | |
| Defendants. | |

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on May 8, 2007. Plaintiff Richard A. Stehl was present by counsel Richard A. Lawrence. Defendants Brazos Student Finance Corporation, Firstar Bank, N.A., Brazos Higher Education Service Corp., Inc., Brazos Higher Education Authority, GNIC-Brazos Platinum Med, ACS, and U.S. Bank National as Trustee (Brazos) were present by counsel Kristen P. Abbott.

The Plaintiff filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on October 15, 2005. An order of discharge was entered on February 7, 2006. (Case No. 05-33989, Doc. 12). The Plaintiff seeks a determination that his student loan indebtedness owed to the Defendants is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8). The Court notes that the Brazos Defendants filed an answer alleging that the debt owed by the Plaintiff was excepted from discharge pursuant to the same provision. (Doc. 6).

The Brazos Defendants have moved to be dismissed from this Adversary Proceeding,

representing to the Court that the guarantor of the loan has paid the debt in full. (Doc. 12). The Court further notes that the unnamed guarantor has not moved to substitute itself as a Defendant.

To simply dismiss the Brazos Defendants without making a determination as to the dischargeability of the debt would be prejudicial to the Plaintiff. Moreover, making such a determination at this juncture would not prejudice the rights of the Brazos Defendants.[1] Thus, the Court determines that the indebtedness owed by the Plaintiff on the subject student loans is not excepted from the Debtor's discharge (i.e. the debt is dischargeable).

Counsel for the Plaintiff has advised that he has been unable to obtain service upon Defendants Landmark American Insurance Company and TuitionGard, Ltd., and he believes that they are defunct. Accordingly, these two parties are dismissed without prejudice. The Court will enter judgment by way of a separate document. This is a final judgment in that all of the claims involving all of the parties have been disposed.

Done this the 9th day of May, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge

---

[1] If this Court were to dismiss the Brazos Defendants without making a determination of dischargeability, it would turn this litigation into a game of hares and hounds. As soon as a debtor were to locate and serve the proper creditor, the defendant could simply assign the debt to another entity starting the chase anew, sapping the limited resources of debtors and squandering the time of their lawyers.